UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**YAIR E. ZARZA BLANCO**,

Petitioner,

– against –

**RAUL MOLDANADO, JR.**, **WILLIAM JOYCE**, **MARCOS CHARLES**, **TODD M. LYONS**, **MARKWAYNE MULLIN**, and **ATTORNEY GENERAL**,

Respondents.

---

**MEMORANDUM DECISION AND ORDER**

26-CV-4333 (AMD)

**ANN M. DONNELLY**, United States District Judge:

On July 7, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained the *pro se* petitioner. (ECF No. 6-1 ¶ 9.) On July 15, 2026, the petitioner was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, where he is currently detained. (*Id.* ¶ 12.) The petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a temporary restraining order. (ECF Nos. 1, 3.) The Court grants the petition, as explained below. The motion for a temporary restraining order is denied as moot.

## BACKGROUND[1]

The petitioner is an asylum seeker from Colombia. (ECF No. 1 ¶ 1.) On September 4, 2022, Border Patrol encountered him near the Rio Grande Valley in Texas. (ECF No. 6-1 ¶ 3.)

---

[1] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits. *See Hyppolite v. Noem*, 808 F. Supp. 3d 474, 479 n.1 (E.D.N.Y. 2025); *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 402 n.1 (S.D.N.Y. 2025).

Having reviewed all the submissions, the Court finds that the petition "present[s] only issues of law," and it may, therefore, be adjudicated without a hearing. *Tumba v. Francis*, 813 F. Supp. 3d 394, 397 n.1 (S.D.N.Y. 2025); *see also* 28 U.S.C. § 2243 (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require").

He was arrested that day and released on September 7, 2022; he was granted parole until November 3, 2022. (*Id.* ¶ 5.) According to the government, as a condition of parole, the petitioner was scheduled to report to the ICE Office in New York on November 3, 2022. (ECF *Id.* ¶ 6.) The government does not state whether the petitioner reported to the ICE Office as scheduled, but the petitioner states that "[t]o the best of [his] knowledge and understanding, since his entry into the United States, Petitioner has complied with all requirements of the parole and asylum process." (ECF No. 1 ¶ 22.) The government did not renew the petitioner's parole, which expired on November 3, 2022. (ECF No. 6-1 ¶ 7.) The petitioner applied for asylum on May 15, 2024. (*Id.* ¶ 8.) He was granted work authorization on December 4, 2024, which is valid for five years. (ECF No. 1 ¶ 21.)

On July 7, 2026, the government "conducted a targeted enforcement action of Petitioner because of his unlawful status in the United States." (ECF No. 6-1 ¶ 9.) Plainclothes ICE agents stopped the petitioner while he was driving a car in Flushing, New York. (ECF No. 1 ¶ 23.) The petitioner states that he was not asked about his ties to the community or his criminal history (*Id.* ¶ 24); the government states that ICE conducted a records check on the scene "to determine if there were updates to Petitioner's criminal history" (ECF No. 6-1 ¶ 9). The government asserts that it arrested the petitioner pursuant to a Warrant of Arrest (Form I-200), but did not file a copy of the warrant. (*Id.* ¶ 9.)

The government transported the petitioner to 26 Federal Plaza, New York, New York, for processing the day he was arrested. (*Id.* ¶ 9.) On the same day, ICE served the petitioner with a Notice to Appear, charging him removable under the Immigration and Nationality Act ("INA") Section 212(a)(6)(A)(i). (*Id.* ¶ 10.) The petitioner was then transferred to the Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶ 11.) The next day, the government initiated

removal proceedings against the petitioner. (*Id.* ¶ 10.) On July 15, 2026, the government transferred the petitioner to the MDC. (*Id.* ¶ 12.) On July 21, 2026, the petitioner appeared without counsel for a master calendar hearing before an immigration judge. (*Id.* ¶ 13.) His next hearing is scheduled for August 4, 2026, "to allow Petitioner time to find an attorney." (*Id.* ¶ 13.)

The *pro se* petitioner filed this petition on July 17, 2026. (ECF No. 1.) On July 20, 2026, the Court ordered the government to show cause why the petition should not be granted, and to explain in its submission the statutory authority for detaining the petitioner and, if applicable, whether the petition is controlled by the Second Circuit's opinion in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), and this Court's opinions in *Escalona v. Warden*, No. 26-CV-3920, 2026 WL 2018505 (E.D.N.Y. July 13, 2026), and *Diosa v. Warden*, No. 26-CV-4068, 2026 WL 2056253 (E.D.N.Y. July 16, 2026). (*ECF Order dated July 20, 2026*.) The government responded on July 27, 2026. (ECF No. 6.)

The government maintains that it is detaining the petitioner pursuant to Section 1225(b)(2)(A). (*Id.* at 1.) To date, the petitioner has not been given a bond hearing. (ECF No. 1 ¶ 25.) The government does not allege that the petitioner is a flight risk or a danger to the community. He has no criminal history in the United States (*id.* ¶ 28), and there is no final order of removal. The government has issued him employment authorization. (*Id.* ¶ 21.)

**LEGAL STANDARD**

Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the

constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

**DISCUSSION**

In seeking a writ of habeas corpus, the petitioner alleges that the government violated his due process rights by detaining him without notice and an opportunity to be heard.[2] The government concedes that this case "is not materially distinguishable" from *Escalona v. Warden*, No. 26-CV-3920, 2026 WL 2018505 (E.D.N.Y. July 13, 2026), in which the Court held that Escalona's detention was "'governed by Section 1226(a), not Section 1225(b)(2)(A),' because he was 'already present in the United States'" for years before his arrest. *Escalona*, 2026 WL 2018505, at *3 (quoting *Cunha*, 175 at 70).[3] As explained in *Escalona*, *Cunha* held that Section 1225(b)(2)(A) applies only to a noncitizen "seeking admission," meaning "a noncitizen who is seeking admission *right now*, not one who sought admission in the past but no longer is." *Id.* (quoting *Cunha*, 175 F.4th at 77). *Cunha*'s holding "allows noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk or danger to the community, to be released on bond under Section 1226(a) while their removal proceedings are pending." *Cunha*, 175 F.4th at 70.

As it did in *Escalona*, the Court easily concludes that the petitioner, who entered the United States in 2022, is currently being detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment of the Constitution. *See Escalona*, 2026 WL 2018505, at *2–4. The "typical remedy" for "unlawful executive detention" is "of course,

[2] The petitioner also brings claims under the Administrative Procedure Act, 5 U.S.C. § 706. (ECF No. 1 ¶¶ 84–92.) Because the Court grants the petition on constitutional grounds, the Court does not reach the petitioner's APA claims.

[3] The Court also rejected the government's claim that the petitioner's expired parole had any bearing on the statutory basis for detention. *Escalona*, 2026 WL 2018505, at *6–7.

release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The government's ongoing detention of the petitioner, in the face of this complete failure of process, entitles him to immediate release.

Furthermore, "'dispos[ing] of the matter as law and justice require,' necessitates both release and narrow injunctive relief guarding against re-detention in violation of this Court's determination that [the petitioner] is not subject to mandatory detention under Section 1225(b)." *Hernandez Lazo v. Noem*, 818 F. Supp. 3d 328, 349 (E.D.N.Y. 2026) (quoting 28 U.S.C. § 2243); *see also Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019) ("As Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore Plaintiff is to immediately release him and enjoin the Government from further similar transgressions.").

Accordingly, the government is directed to release the petitioner from custody immediately and within 24 hours of this Order. The government must return to the petitioner any and all funds and/or property that was seized from the petitioner at the time of arrest. The petitioner is entitled to "restoration of the status quo ante." *Blandon v. Maldonado*, No. 26-CV-1669, 2026 WL 790910, at *6 (E.D.N.Y. Mar. 21, 2026) (citation modified). Therefore, the government must release the petitioner "without any release conditions, including but not limited to any electronic monitoring, such as GPS monitoring." *Id.*; *see also Menjivar Giron v. Genalo*, No. 26-CV-1714, 2026 WL 809965, at *6 (E.D.N.Y. Mar. 24, 2026). The government is directed to submit a letter to the Court certifying compliance with this Order within 48 hours of this Order. The Court further orders that the petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), is granted. The motion for a temporary restraining order is denied as moot. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
July 28, 2026